```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

JAMES MULLINS,

    Plaintiff,

v.

                                    CIVIL ACTION NO.  1:05-0084

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

MEMORANDUM OPINION

I.  Background

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation on January 17, 2006, in which he recommended that the court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  On January 30, 2006, plaintiff timely filed objections to the magistrate judge's Proposed

1

Findings and Recommendation.  With respect to those objections, the court has conducted a de novo review of the record.

At the outset, the court notes that judicial review in social security cases is quite limited.  The magistrate judge's review is to determine if the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that he or she applied the proper legal standards.  See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id.  Therefore, with respect to each of plaintiff's specific objections, this court has reviewed the record to determine whether each finding of the ALJ is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.

## II.  Objections and Analysis

The thrust of plaintiff's objections deal with the magistrate judge's finding that the ALJ's decision to give the opinion of Dr. Mary Clark "no significant weight" was supported by substantial evidence.  Plaintiff's argument is without merit.

As Magistrate Judge VanDervort noted in his Proposed Findings and Recommendation:

> Every medical opinion received by the ALJ must be considered in accordance with the factors set forth in 20 C.F.R. § 416.927(d).  These factors include: (1) length of the treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5)

> specialization, and (6) various other factors. Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

Proposed Findings and Recommendation at 5 (quoting 20 C.F.R. § 416.927(d)(2)). The regulations go on to state that more weight will be given to the medical opinion of an examiner than a non-examiner and more weight will be given to a treating source than a non-treating source (such as an examiner or non-examiner). In this case, there is no dispute that Dr. Clark was not a treating source or an examining source. See 20 C.F.R. 416.902 ("We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a non treating source.").

A review of the ALJ's decision makes clear that his treatment of Dr. Clark's opinion was supported by substantial evidence. In summarizing his treatment of Dr. Clark's findings, the ALJ stated:

> The undersigned give no significant weight to the opinion of Mary Clark, M.D., a reviewing psychiatrist at the state agency, who completed a Mental Residual Functional Capacity Assessment form. While the undersigned agrees that the claimant does not have the ability to understand, remember, and carry out detailed instructions, the evidence does not indicate that the claimant is moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and

> to perform at a consistent pace without an unreasonable number and length of rest periods or moderately limited in the ability to maintain socially appropriate behavior and to adhere to basis [sic] standards of neatness and cleanliness.

Tr. at 20.  Based on the foregoing, it is clear that plaintiff is wrong when he states that the ALJ did not provide a reason for giving Dr. Clark's opinion no weight.  Even a cursory reading of the ALJ's decision confirms that the reason the ALJ did not give Dr. Clark's opinion any weight is because he found it to be inconsistent with the other evidence of record.  Furthermore, it appears that the ALJ properly evaluated Dr. Clark's opinion in accordance with the factors outlined under 20 C.F.R. § 416.927(d)(2).

With respect to the first factor, length of the treatment and frequency of the evaluation, the ALJ noted that Dr. Clark was a reviewing psychiatrist who had never examined plaintiff.  Tr. at 20.  As to the second factor, as noted above, there was no treatment relationship.  With respect to the specialization factor, Dr. Clark's medical specialty is listed as child psychiatry.  Tr. at 210.

As to supportability and consistency, the ALJ gave a reason for the weight he gave Dr. Clark's opinion: that, on the whole, it was inconsistent with and not supported by the other evidence in the record.  Furthermore, the ALJ made specific references to those portions of Dr. Clark's opinion that were and were not supported by the record which confirms that: 1) he reviewed the

4

opinion in its entirety, 2) considered it against the other evidence in the record, and 3) determined the weight to be given the opinion consistent with the requirements of the regulations.

Finally, plaintiff's objections suggest that the court should only look to the specific paragraph which discusses Dr. Clark by name in determining whether substantial evidence support's the ALJ's decision to afford her opinion no weight. However, a reviewing court must review the entire record, not just one small portion of the decision, in making this determination.

Although plaintiff does not agree with the ALJ's ultimate findings, he has cited no legal authority which mandates that controlling weight be given to a reviewing source who has never examined the claimant and whose opinion has been evaluated under and is called into question by the 20 C.F.R. § 416.927(d)(2) factors.  This is because no such authority exists.  Even the opinion of a treating source may be rejected if it is inconsistent with other substantial evidence of record.  Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); see also Hawkins v. Massanari, 2001 WL 1191107 (W.D.N.C. 2001) (finding no error in ALJ's rejection of opinion of one-time consultative examination where ALJ properly evaluated opinion pursuant to 20 C.F.R. § 416.927(d)(2)).

The role of this court on review is to determine whether substantial evidence supports the ALJ's decision.  42 U.S.C. §

5

405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Upon review of the record, the court finds ample evidence supporting the ALJ's conclusion to give Dr. Clark's opinion no significant weight. Accordingly, plaintiff's objection is OVERRULED.[*]

## CONCLUSION

For the reasons set forth above and in a separate Judgment Order to be filed this day, the court OVERRULES plaintiff's objections to the Magistrate Judge's Findings and Recommendation. Accordingly, the court adopts his Findings and Recommendation and DENIES plaintiff's motion for judgment on the pleadings, GRANTS defendant's motion for judgment on the pleadings, AFFIRMS the final decision of the Commissioner, and DISMISSES this case from the active docket of the court.

---

[*] To the extent that plaintiff objects to the adequacy of the hypothetical question posed to the vocational expert, that objection is without merit.

"To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments." Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). However, the ALJ has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1986); see also Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

As noted above, the ALJ gave reasons for the weight he gave Dr. Clark's opinion. As such, he was under no obligation to include any of her recommended limitations. Accordingly, the court finds that the ALJ's decision, when framing questions for the vocational expert, to exclude limitations suggested by Dr. Clark was supported by substantial evidence.

6

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 29th day of March, 2006.

                ENTER:

                David A. Faber
                Chief Judge